# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

In re:  Case No. 11-10801

NEIL JACKSON PIZARRO  Chapter 13

Debtors
_____/

## RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTIONS

TO THE HONORABLE COURT:

COMES NOW, Debtor(s), represented by the undersigned counsel and respectfully ALLEGES and PRAYS as follows:

1. On February 15, 2012 the Chapter 13 Trustee, Alejandro Oliveras Rivera (collectively hereinafter the "Trustee") filed an Objection to the Exemptions claimed by Debtor in the above captioned case.

2. Amongst others, the Trustee objects to Debtor's claim of exemption to certain equity in Debtor's primary residence pursuant to "31 P.R. Laws Ann., 1851-1857 as amended by Law 195 of September 13, 2011" known in Spanish as "Ley del Derecho a la Proteccion del Hogar Principal y el Hogar Familiar" (collectively, hereinafter, the "Law")

3. Pursuant to the Trustee's reading and interpretation of the Law, the Trustee makes two assertions. First, the Trustee alleges that Debtors which own homes subject to mortgage liens are Debtors subject to disparate treatment under the Law, and thus, do not enjoy the same protections under the Law as fellow citizens whose homes are not subject to mortgage liens. Second, the Trustee also alleges that the Puerto Rico legislature in drafting the above referenced law somehow mandated upon the Bankruptcy Code and superseding federal law which exemptions may and/or may not apply in bankruptcy proceedings.

4. The Trustee's reading of the Law is misplaced in as much as it is well known that the Equal Protection Clause forbids the sort of disparate treatment under the Law which is professed by the Trustee's interpretation. Further, it is equally well settled that the Puerto Rico Legislature nor any other state legislature for that matter, lacks the power to override Section 522 of the Code and/or otherwise mandate upon the Bankruptcy Code which exemptions may and/or may not apply in a bankruptcy proceeding. Accordingly, Debtor opposes and refutes the allegations set-forth in the Trustee's Objection to Confirmation.

5. Debtor respectfully requests a hearing to ascertain the Trustee's allegations and any evidence in support thereof.

6. Further, Debtor specifically preserves the right to file a Memorandum of Law in Support of this Motion and/or prior to any hearing scheduled by this Honorable Court with respect to this matter.

**WHEREFORE**, it is respectfully requested of this Honorable Court to grant the foregoing motion.

**RESPECTFULLY SUBMITTED**
IN SAN JUAN, PUERTO RICO, this 24th day of February 2012.

**THE BATISTA LAW GROUP, PSC**
Jesus E. Batista, USDC No. 227014
Condominio Midtown Center
421 Ave. Luis Muñoz Rivera
Suite 901
San Juan, PR 00918
Tel (787) 303-0325
Fax (787) 777-1589

/s/ Jesus E. Batista, Esq
Jesus E. Batista Sanchez, Esq.
E-mail:jeb@bartolonelaw.com

**United States Bankruptcy Court**
**District of Puerto Rico**

In re  **NEIL JACKSON-PIZARRO**                          Case No.  **11-10801**
                                  Debtor(s)              Chapter   **13**

# CERTIFICATE OF SERVICE

I hereby certify that on **February 24, 2012**, a copy of this document was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

| |
|---|
| BANCO POPULAR |
| CENTENNIAL |
| CLARO |
| ENHANCED RECOVERY CORP. |
| GC SERVICES LIMITED PARTNERSHIP |
| LVNV FUNDING LLC |
| PR TELEPHONE COMPANY |
| RESURGENT CAPITAL SERVICES |
| RETIRO ELA |
| SEARS/CBNA |

/s/ Jesus E. Batista, Bar No.:
Jesus E. Batista, Bar No.: 227014
The Batista Law Group, PSC
Cond. Mid Town Plaza
421 Munoz Rivera Ave. - Suite #901
San Juan, PR 00918
787-620-2856Fax:787-777-1589
jesus.batista@batistalawgroup.com